# MEMO ENDORSED

## SUSAN C. WOLFE, ESQ.
Law office of Susan C. Wolfe
1700 Broadway, 41st Floor
New York, York 10019

Tel: (917) 209-0441
Email: scwolfe@scwolfelaw.com

Diane Fischer,
of counsel

September 10, 2021

Honorable Kenneth M. Karas
United States District Judge
United State District Court
300 Quarropas Street
White Plains, NY 10601

**Re:** *United States v. Jeffrey Crossland,* **19-cr-0645-KMK**

Dear Judge Karas:

I am writing to request that the Court grant a brief adjournment of the September 13th court date and also enter an order making a specific finding pursuant to the CARES Act that Mr. Crossland, who is out on bond and lives in Los Angeles, may appear by teleconference at an anticipated plea hearing.

Pursuant to the CARES Act, for felony cases, "the district judge in a particular case [can] find[] for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, [and] the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available." Coronavirus Aid, Relief, and Economic Security Act, 116 P.L. 136, 134 Stat. 281 (enacted Mar. 27, 2020) at§ 15002(b)(2)(A). The parties have agreed to a negotiated disposition, pending confirmation of certain financial information underlying the proposed forfeiture amount. Mr. Crossland has certain health issues, however, that make travel to the Southern District of New York at this time difficult physically and will heighten his legitimate concerns about exposure to COVID-19 and its variants during cross-country, extremely close-quarters air travel (separation between travelers is barely a few inches much less feet).

Hon. Kenneth M. Karas
September 10, 2021
Page 2

Mr. Crossland is 65 years old ███████████████████████████████
██████████████████████████ Sitting for 5 or 6 hours in the cramped conditions of an airplane will range from uncomfortable to painful. ███████████████████████████████ He has been waiting to schedule the prescribed surgery until he knows the trajectory of this case and his mind is relieved of that uncertainty. He believes he can schedule the surgery within approximately a month. However, with the recovery period before he can travel, by then the window of opportunity to resolve this case most favorably without a trial will have closed. While Mr. Crossland's condition is not identified as a comorbidity, there has been some alarming research regarding the potential of the SARS-CoV-2 virus (the novel coronavirus that causes Covid-19) ███████████████████████████
███████████████████████████████████████████████████████████████
https://www.nature.com/articles/s41391-021-00388-3 (full article)

With the proven ability of the virus to subvert the vaccines and the CDC's map of risk assessment levels for COVID-19 that identifies the United States as Level 4 (the highest),[1] and various extant travel advisories, Mr. Crossland has good reason to fear travelling to New York from California and back at this time.

Delaying Mr. Crossland's ability to enter a timely guilty plea will prejudice him because the government has set a not-unreasonable deadline for accepting the current plea offer and entering a guilty plea. Mr. Crossland's surgery cannot be accomplished and recovered from within or close to that deadline and, in light of a current surge in Covid-19 cases, the length of a delay to allow for safe travel is unknown. Mr. Crossland does not want to risk losing the benefit of the government's offer by delaying his guilty plea. Further delay is also harmful to the interests of justice. Allowing Mr. Crossland to plead guilty remotely will alleviate the need to set and reserve trial dates for his case, the scheduling of which would likely delay the trials of other litigants unnecessarily, and it will alleviate the government's need to continue to devote its resource to a case that remains in a trial posture.

I have spoken with Mr. Crossland about his right to appear in person for any guilty plea, which he understands. He consents to his plea proceeding occurring by video teleconference or by telephone conference if video teleconferencing is not reasonably available.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/travelers/map-and-travel-notices.html

Hon. Kenneth M. Karas
September 10, 2021
Page 3

I have discussed the instant request and the basis for the CARES Act finding sought by Mr. Crossland with Margery Feinzig, the Assistant United States Attorney assigned to this case. Ms. Feinzig does not oppose the instant application.

Mr. Crossland therefore respectfully requests that his case be referred to the Magistrate for the scheduling of a remote plea hearing on a date and time next week convenient for the Court and the parties.

Respectfully submitted,

Susan C. Wolfe
Diane Fischer
Attorneys for Jeffrey Crossland

cc: Margery Feinzig, A.U.S.A. (via email)

Both applications are granted. The proceeding for 9/13/21 is adjourned. Also, the Court finds that Mr. Crossland has waived his right to enter a plea in person and that delaying the proceeding to allow for him to appear in person, which would involve substantial delay given Mr. Crossland's many health challenges, will result in a serious harm to the interests of justice. Therefore, Mr. Crossland may participate in a plea proceeding via telephone or video conference under the CARES Act.

So Ordered.

9/13/21